### DUNCAN, use, &c. v. HALL.

1. A note given by a purchaser of a subdivision of the public lands, as a compensation to one who, previous to the purchase, had settled upon and improved the same, is not supported by a consideration which will authorize its recovery.

Writ of Error to the Circuit Court of Cherokee.

THIS cause was instituted by the plaintiff in error, before a justice of the peace, for the recovery of the amount of a note for the sum of forty dollars. A judgment was rendered in favor of the plaintiff, and the case was thereupon removed by appeal to the Circuit Court, where a trial was had by a jury upon issues joined on the pleas of *non assumpsit*, want of consideration, and failure of consideration. A bill of exceptions was sealed at the instance of the plaintiff. The rulings of the presiding judge, in charges refused and given, present the following questions: 1. If one purchases a legal subdivision of the public land of the United States, on which another person had previously settled and made improvements, and as an inducement to such settler to yield up the land, with the improvements, makes his promissory note for an amount agreed, is that note supported by such a consideration as to authorize a recovery thereon? 2. Will it vary the case that the amount of the note was prescribed by the mutual friends of the parties, to whom the matters of difference had been referred? These questions were decided adversely to the plaintiff—a verdict was returned for the defendant, and judgment was rendered accordingly.

A. WHITE, for the plaintiff in error, insisted, the consideration of the note was sufficient—1. It was a benefit *to be* conferred, in giving *possession* of the land. [Shaw v. Boyd, 1 S. & P. Rep. 83; Comstock v. Smith, 7 Johns. Rep. 87 ; Parker v. Crane, 6 Wend. Rep. 643 ; Rhea, Conner & Co. v. Hughes, 1 Ala. Rep. 263.] 2. It was a submission to arbitration, and for the prevention of litigation, which of itself is a sufficient consideration to sustain the note. [Kennedy v. Davis, 2 Bibb's Rep. 343; 2 Id. 449; 6 Monr. Rep. 91; 1 Atk. Rep. 10 ; 2 Id. 592.] 3. A fair and amicable compromise is a sufficient consideration to sustain a bond. [Butler v. Triplett, 1 Dana's Rep. 152; Sheppard v. Watrous, 3 Caine's Rep. 166.] 4. Again, there was a moral obligation to pay for the improvements upon the land, and an *express* promise which will support an action. [Cameron v. Fowler, 5 Hill's Rep. 215.]

17

S. F. RICE, for the defendant, made these points: 1. An intruder on public lands has no claim for improvements he may make thereon, either against the government or a subsequent purchaser from the government. [1 Ala. Rep. 219.] 2. A note given by the purchaser to an intruder, in payment for improvements made before his purchase, or with the view of obtaining possession without suit, is without consideration—against public policy, and its collection cannot be enforced. [11 Mass. Rep. 376.] 3. There is nothing in the present case to relieve it from these principles.

COLLIER, C. J.—A mere settler upon the public lands, even if he makes improvements thereon, is not entitled to retain the possession against a purchaser from the government. But as he entered and improved the land for his own benefit without an assurance, either express or implied, that his labor and expenditure of money, if any, would be compensated, he is under a moral obligation to yield the possession to the rightful proprietor, whenever required. And as he is not permitted to dilapidate or remove buildings, or otherwise lessen the value of the land, he must give it up in the condition in which it was, when appropriated by the individual purchaser.

There is no moral obligation upon a purchaser, under such circumstancas, to pay the settler for his improvements. They were made, not at the solicitation of the former, or under an intimation that he would remunerate the settler ; but as we must infer from the record, at the suggestion of the latter, and solely with a view to his own benefit. This being the case, there is no consideration founded either in legal or moral duty, which will sustain an express promise to pay.

Shaw v. Boyd, 1 Stew. & P. Rep. 83, is a case strikingly analagous to the present. It was there held that a promise by the purchaser of a part of the public land, to pay for improvements made thereon previous to his purchase, though beneficial to him, would not support an action at the suit of the promisee. The court placed its opinion upon the ground that the consideration was past, that the improvements were not made at the purchaser's request, and consequently the promise was gratuitous.

We can conceive of no difference in principle between the case of a verbal promise, and an undertaking to pay by promissory note, or specialty; for even in the latter case, the consideration may be inquired into, under the authority of the statute.

The law was correctly ruled by the Circuit Court—its judgment is consequently affirmed.